Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard, Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
Jonah.grossbardt@sriplaw.com
Matthew.rollin@sriplaw.com

Attorneys for Plaintiff
MANOJ TULALA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| MANOJ TULALA, | Case No.: 2:23-cv-01146 |
|---|---|
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| POWER BROKERS INTERNATIONAL INC., ROBIN H. ZACHA, and THE DESIGN PEOPLE INC. dba AGENT IMAGE, | **Demand for Jury Trial** |
| Defendants. | |

Plaintiff MANOJ TULALA by and through his undersigned counsel, brings this Complaint against Defendants POWER BROKERS INTERNATIONAL INC., ROBIN H. ZACHA, AND THE DESIGN PEOPLE INC. DBA AGENT IMAGE for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff MANOJ TULALA ("Tulala") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Tulala's original copyrighted Work of authorship in his Work. Tulala licenses his copyrighted Works, such as the one in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2. Tulala has been a photographer since 2007. Tulala's Work has been featured by Atlas Obscura, Visit San Antonio, Society for Research on Nicotine & Tobacco, and Hill+Knowlton Strategies.

3. Defendant Power Brokers International Inc. ("PBI") is a licensed real estate corporation and broker.

4. Defendant ROBIN H. ZACHA ("Zacha") is a real estate associate licensed in the state of California, who is an employee under the brokerage of PBI. At all times relevant herein, Zacha owned and operated the internet website located at the URL www.zachahomes.com (the "Website").

5. Defendant THE DESIGN PEOPLE INC. DBA AGENT IMAGE ("Agent Image") is a web design company that specializes in real estate websites for REALTORS(R), agents and brokers. Agent Image has launched over 20,000 sites for top producing companies in the country.

6. Defendants PBI, Zacha, and Agent Image are collectively referred to herein as "Defendants."

7. Tulala alleges that Agent Image and/or Zacha obtained Tulala's copyrighted Work from the Internet.

8. Upon information and belief, Zacha copied Tulala's copyrighted Work from the Internet without Tulala's permission. In the alternative, Zacha contributed to copyright infringement by allowing the use of Tulala's Work on her Website.

9. Zacha committed the violations alleged by copying and distributing Tulala's copyrighted Work on the Website for the purpose of advertising and

promoting public real estate listings in the course and scope of Zacha's professional real estate business.

10. Upon information and belief, Agent Image copied Tulala's copyrighted Work from the Internet without Tulala's permission. In the alternative, Agent Image contributed to copyright infringement by allowing the use of Tulala's Work on the Website.

11. Agent Image committed the violations by copying and distributing Tulala's copyrighted Work on the Website for the purpose of its real estate marketing company business and other related services.

12. Upon information and belief, Agent Image created the Website for Zacha and posted content to the Website. Agent Image also had the ability to add and remove content form the Website as part of its design and development of the Website.

13. Defendant PBI, is the broker for Zacha and appears as the listing broker on the real estate listing where Zacha committed the violations of Tulala's exclusive rights under the copyright act.

14. Tulala's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

15. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

16. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

17. Defendants are subject to personal jurisdiction in California.

18. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

# DEFENDANTS

19. Power Brokers International Inc. is a California Corporation with its principal place of business at 9100 Wilshire Boulevard, Suite 725 - East Tower, Beverly Hills, California, 90212, and can be served by serving its Registered Agent, Mr. Christian Arbid, at the same address.

20. Robin H. Zacha is a California licensed real estate sales associate, License Number 01263946, who resides in Los Angeles County, California, and can be served at 6604 West 80th Street, Los Angeles, California, 90045.

21. The Design People Inc. dba Agent Image is a California Corporation with its principal place of business at 1700 East Walnut Avenue, Suite 240, El Segundo, California, 90245, and can be served by serving its Registered Agent, Mr. Jon U. Krabbe, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

22. In 2013, Tulala created the photograph entitled "Venice Sign | P2233408 2" which is shown below and referred to herein as the "Work".



COMPLAINT FOR COPYRIGHT INFRINGEMENT                    CASE NO.:  2:23-cv-01146

23. Tulala registered the Work with the Register of Copyrights on February 11, 2020 and was assigned the registration number VA 2-195-739. On May 20, 2020, Tulala supplemented the registration and was assigned the registration number VA 2-209-436. The Registrations are attached hereto as Exhibit 1.

24. Tulala's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

25. At all relevant times Tulala was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

26. The Defendants have never been licensed to use the Work at issue in this action for any purpose.

27. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Work or made derivative works from the Work.

   a. Defendant Agent Image copied, displayed, and distributed the Work at issue in this case by creating the Website where the photograph was posted. Upon information and belief, Agent Image directly infringed by uploading the Work to the Website.

   b. Defendant Zacha copied, displayed, and distributed the Work at issue in this case. Upon information and belief, she is the owner and operator of the Website. Upon information and belief, Zacha directly infringed by uploading the Work to the Website.

   c. Defendant PBI copied, displayed and distributed the Work at issue in this case because PBI is the broker responsible for Defendant Zacha.

28. On or about July 9, 2021, Tulala discovered the unauthorized use of his Work on Zacha's Website as the focal image for the Venice area of California.

29. Defendant Zacha and/or Agent Image copied Tulala's copyrighted Work from the Internet.

30. After Defendant Zacha and/or Agent Image copied the Work, they made further copies and distributed the Work on the Website to promote the sale of real estate properties in Venice, California.

31. Defendants copied and distributed Tulala's copyrighted Work in connection with their business and in the course and scope of rendering professional real estate services as associates, brokers and web developers.

32. Agent Image directly copied Tulala's Work by designing and developing the Website in which the Work was displayed.

33. Zacha contributed to Agent Image's infringement by owning and operating the Website which Agent Image created.

34. PBI had reason to know of the infringement and materially contributed to the infringement by failing to supervise.

35. PBI vicariously infringed as PBI directly benefited from the infringement as the website advertised real estate. As Zacha's broker, PBI had the duty and failed to supervise and control Zacha.

36. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

37. Tulala never gave the Defendants permission or authority to copy, distribute or display the Work at issue in this case, or create derivative works or the Work.

38. Tulala notified the Defendants of the allegations set forth herein on October 18, 2021. To date, the parties have failed to resolve this matter.

///
///
///

# COUNT I

## DIRECT COPYRIGHT INFRINGEMENT BY AGENT IMAGE

39. Plaintiff incorporates the allegations of paragraphs 1 through 38 of this Complaint as if more fully set forth herein.

40. Tulala owns a valid copyright in the Work at issue in this case.

41. Tulala registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Upon information and belief, and alternatively to Count II below, Agent Image copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Tulala's authorization in violation of 17 U.S.C. § 501.

43. Agent Image designed and developed the Website which included the infringing Work at issue in this case.

44. Agent Image performed the acts alleged in the course and scope of its business activities.

45. Agent Image's acts were willful.

46. Tulala has been damaged.

47. The harm caused to Tulala has been irreparable.

# COUNT II

## DIRECT COPYRIGHT INFRINGEMENT BY ZACHA

48. Plaintiff incorporates the allegations of paragraphs 1 through 38 of this Complaint as if more fully set forth herein.

49. Tulala owns a valid copyright in the Work at issue in this case.

50. Tulala registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

51. Upon information and belief, and alternatively to Count I above, Zacha copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Tulala's authorization in violation of 17 U.S.C. § 501.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                               CASE NO.: 2:23-CV-01146

SRIPLAW   CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

52. Zacha operated the Website which including the infringing Work at issue in this case.

53. Zacha performed the acts alleged in the course and scope of her business activities.

54. Zacha's acts were willful.

55. Tulala has been damaged.

56. The harm caused to Tulala has been irreparable.

## COUNT III

## CONTRIBUTORY COPYRIGHT INFRINGEMENT BY AGENT IMAGE

57. Plaintiff incorporates the allegations of paragraphs 1 through 38 of this Complaint as if more fully set forth herein.

58. Tulala owns a valid copyright in the Work at issue in this case.

59. Tulala registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

60. Agent Image copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Tulala's authorization in violation of 17 U.S.C. § 501.

61. Agent Image knew or had reason to know of the infringing activity as Agent Image created the Website for Zacha.

62. Agent Image materially contributed to the Zacha's infringement by displaying the infringement on Zacha's Website.

63. Agent Image performed the acts alleged in the course and scope of its business activities.

64. Agent Image's acts were willful.

65. Tulala has been damaged.

66. The harm caused to Tulala has been irreparable.

///

///

# COUNT IV

## CONTRIBUTORY COPYRIGHT INFRINGEMENT BY ZACHA

67. Plaintiff incorporates the allegations of paragraphs 1 through 38 of this Complaint as if more fully set forth herein.

68. Tulala owns a valid copyright in the Work at issue in this case.

69. Tulala registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

70. Zacha copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Tulala's authorization in violation of 17 U.S.C. § 501.

71. Zacha knew or had reason to know of the infringing activity as Zacha owned and operated the Website.

72. Zacha materially contributed to Agent Image's infringement by displaying the infringement on her Website.

73. Zacha performed the acts alleged in the course and scope of her business activities.

74. Zacha's acts were willful.

75. Zacha has been damaged.

76. The harm caused to Tulala has been irreparable.

# COUNT V

## VICARIOUS COPYRIGHT INFRINGEMENT BY ZACHA

77. Plaintiff incorporates the allegations of paragraphs 1 through 38 of this Complaint as if more fully set forth herein.

78. Tulala owns a valid copyright in the Work at issue in this case.

79. Tulala registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

80. Agent Image and Zacha copied, displayed and distributed the Work at issue in this case and made derivatives of the Work without Tulala's authorization in violation of 17 U.S.C. § 501.

81. Zacha had the right and ability to supervise the infringing activities of Agent Image alleged herein.

82. Zacha had a direct financial interest in the infringing activities alleged herein.

83. The Website listed several homes available for sale.

84. Zacha failed to exercise the right and ability to control what Agent Image posted on her website.

85. As a result of Zacha's vicarious infringement as alleged above, Zacha obtained direct and indirect profits she would otherwise not have realized but for her infringement of the Work.

86. Zacha has continued to copy, display, and distribute the Work at issue with knowledge that such acts violate Tulala's intellectual property rights.

## COUNT VI

## VICARIOUS COPYRIGHT INFRINGEMENT BY PBI

87. Plaintiff incorporates the allegations of paragraphs 1 through 38 of this Complaint as if more fully set forth herein.

88. Tulala owns a valid copyright in the Work at issue in this case.

89. Tulala registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

90. Agent Image and Zacha copied, displayed and distributed the Work at issue in this case and made derivatives of the Work without Tulala's authorization in violation of 17 U.S.C. § 501.

91. PBI had the right and ability to supervise the infringing activities of Zacha alleged herein.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                              CASE NO.: 2:23-CV-01146

92. PBI had a direct financial interest in the infringing activities alleged herein.

93. As a result of PBI's vicarious infringement as alleged above, PBI obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work.

94. PBI has continued to copy, display, and distribute the Work at issue with knowledge that such acts violate Tulala's intellectual property rights.

WHEREFORE, the Plaintiff prays for judgment against the Defendants Power Brokers International Inc., Robin H. Zacha, and The Design People Inc. dba Agent Image that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded such other and further relief as the Court deems just and proper; and

e. Plaintiff be awarded pre- and post-judgment interest.

## JURY DEMAND

Plaintiff Manoj Tulala hereby demands a trial by jury of all issues so triable.

DATED: February 15, 2023        Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN

1  **SRIPLAW, P.A.**
2  *Attorneys for Plaintiff Manoj Tulala*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28